IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY HILL. An Infant by and Through )
his Legal Guardian and Next Friend, )
                                                   )
                 Plaintiff, )
                                                   )
v. )                   Civil Action No. 3:06CV79
                                                   )
FRANCIS LAURY, et al., )
                                                   )
                Defendants. )

## MEMORANDUM OPINION

This matter is before the court on the Defendant Eddie Lundy's Motion for Partial Summary Judgment as to Counts I and II of the Plaintiff's Amended Motion for Judgment (Complaint), the court having previously granted the Defendant Lundy's motion to dismiss Count 3.[1] The court previously analyzed the same issues that are the basis of the present motion in the context of the motion to dismiss that was denied on the basis of the relevant standard of review that required the court to consider all non-conclusory allegations (and reasonable inferences therefrom) to be true. However, the standard of review has now changed and such allegations must be viewed in light of the Defendant Lundy's Request for Admissions which remain unchallenged and unanswered so as to mandate the conclusion that the Defendant's response to the various allegations of the Plaintiff are established fact. The court, having

---

[1] This is a removal action for which federal jurisdiction is predicated on the allegations of the final count of the Complaint that alleges a violation of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. (IDEA). The Plaintiff presents his various claims as "Causes" that the court will refer to as "Counts" in conformance with standard parlance.

previously reviewed the essential issues and having entertained oral argument regarding them in regard to the motion to dismiss,[2] concludes that any additional argument would not be of further assistance to the court. For the reasons discussed herein, the motion for partial summary judgment as to Counts I and II will be granted, leaving only the allegations of Count IV for which the court, *sua sponte*, will direct briefing on the question of whether a claim upon which relief could be granted has been alleged in order to clarify or resolve all remaining issues.

**Standard of Review**

While the court must accept as true all non-conclusory factual allegations of the non-moving party in a complaint and draw all reasonable inferences in their favor in resolving a motion to dismiss, summary judgment must be granted when there is no genuine dispute of any material fact when all justifiable inferences are drawn in favor of the non-moving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In essence, the court must decide if the evidence when viewed in the light most favorable to the non-moving party "presents a sufficient disagreement to require submission to the [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. In this regard, the court is obliged to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis

---

[2]Plaintiff's counsel failed to appear for oral argument on the motion to dismiss, although he was provided with hand-delivered notice in a timely fashion, and he has failed to respond to the present motion.

added).

## Analysis

Plaintiff, a mentally retarded public school student, alleges that he was assaulted by his fellow students at school on December 11, 2002. The Defendant Lundy (Lundy) was a teacher at the school who was not present during the assault, nor involved in supervising the Plaintiff at the time. The Plaintiff asserts that Lundy is nevertheless liable for the injuries and related damages the Plaintiff suffered as a result of the attack because Lundy attempted, unsuccessfully, to persuade the Plaintiff not to report the incident and he otherwise participated with others in efforts to conceal the fact that the assault ever occurred. (Compl. ¶¶ 35, 38).

The court has denied the Defendant Lundy's motion to dismiss on the strength of the Plaintiff's factual *allegations* in his Complaint that had to be accepted as true. (Mem. Op., Aug. 15, 2006); *see also* Fed. R. Civ. P. 12(b)(6)). However, Lundy propounded various discovery demands relevant to the allegations, including requests for admissions of various factual matters (and related responses to mixed questions of facts and law) that have not been responded to by the Plaintiff even to this date that is far beyond the required deadline for response.[3] Accordingly, as mandated by the controlling rule of procedure, a matter in regard to which a request for admission is propounded

> "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission, a written answer or objection addressed to the matter, signed by the party or the party's attorney."

---

[3]The Plaintiff has not responded in any fashion, including asking for an extension of time in which to respond or object. Lundy propounded the Requests for Admission on June 26, 2006.

Fed. R. Civ. P. 36(a).

Lundy's Request for Admissions required responses to, among other inquiries, the core issues as asserted in the Complaint of whether the Plaintiff possessed any evidence to establish that Lundy was grossly negligent, that he "fraudulently and intentionally concealed the incident in question," or that he "demonstrated a conscious disregard for the rights, safety and emotional well being of the Plaintiff and others." (Mem. Supp. Def. Eddie Lundy's Mot. Partial Summ. J. (Lundy's Mem.), ex. D, nos. 1-3).[4] The requests arguably relate to opinions and/or the application of law to fact, *e.g.*, whether his actions or inaction amounted to gross negligence. Previously, many courts held that such requests were improper and that requests for admission had to be restricted to seeking responses only to issues of fact, *e.g.*, admit that the light was red for your lane of travel when you entered the intersection. *See, e.g.*, Minnesota Mining & Mfg. Co. v. Norton Co., 36 F.R.D. 1 (N.D. Ohio 1964). However, the relevant commentary to Rule 36 confirms that the 1970 Amendment to the Rule:

> eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule.

Fed. R. Civ. P. 36, Adv. Comm. Notes, 1970 Amend, Subdiv. (A) (citing cases).

It is clear that the truth of the matter contained in a request for admission is conclusively established if the request remains unanswered and that such conceded issues may constitute the

---

[4] Lundy propounded additional requests that were relevant to damage issues, including any duty to mitigate damages and contributing causes of the alleged damages, but it is not necessary to address the impact of the failure to answer such requests as the Plaintiff cannot establish liability as the necessary predicate for the award of damages where the requests concerning the denial of liability must be considered as established fact.

basis for a court's favorable consideration of a motion for summary judgment. *See, e.g.*, In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 654 (E.D. Va. 1999) ("Pursuant to Federal Rule of Civil Procedure 36(a), the Court will deem the unanswered Request for Admission as true."); Gardner v. Borden, Inc., 110 F.R.D. 696, 697 (S.D.W. Va. 1986) (holding that it is "well-settled" that "matters deemed to be admitted by a party's failure to respond to a request for admissions can form the basis for granting Summary Judgment"); Donovan v. Porter, 584 F. Supp. 202, 208 (D. Md. 1984) (citing Batson v. Porter, 154 F.2d 566 (4th Cir. 1946) (to the same effect)). *See also* United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Admissions under Rule 36, even default admissions, can serve as the factual predicate for summary judgment.") (citation omitted).

Here, the Plaintiff has offered no explanation for his failure to respond to Lundy's Requests for Admission and, further, he has not sought to toll the thirty day response period permitted by Rule 36(a). Accordingly, where the assertions in the relevant requests must be considered as admitted, the Plaintiff cannot, as a matter of law, establish liability on any of his claims concerning Lundy and summary judgment must therefore be granted, be it on the defense of sovereign immunity (where gross negligence or wilfulness cannot be established), or on the merits in terms of establishing any basis for liability to sustain any of the damage claims.

The court recognizes the harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases for which parties to a lawsuit must comply with the rules of procedure. Additionally, the harshness is tempered by the availability of Rule 36's extension of time provision. *See* O'Bryant v. Allstate Ins. Co., 107

F.R.D. 45, 48 (D. Conn. 1985) ("While the loss to a party of his right to contest a matter on its merits is not to be treated lightly, where that loss results from the party's own failure to file an answer to requests for admission and further its failure to utilize the procedure provided in Rule 36 to rectify the deficiency, the loss is a casualty of the court's obligation to process cases to disposition in an orderly, effective, expeditious manner and in accordance with its published rules."). In this case, a motion for an extension of time was never filed, and there is no indication that the parties informally agreed to such an extension. The sanction for failure to respond to a request for admission is self executing, and the same result would likely occur in any event for the Plaintiff's additional failure to provide the required disclosures of Rule 26(a)(I) that would likely preclude the introduction of the evidence necessary to establish liability.

## CONCLUSION

For the reasons stated, the Defendant Lundy's Motion for Partial Summary Judgment as to Counts I and II will be granted.

An appropriate Order shall issue.[5]

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 9/13/06

---

[5] With the granting of the motion, only Count 4 remains which asserts, in essence, a private cause of action for personal injury based on alleged violation of the IDEA. The court, questioning whether the IDEA allows for such relief, will also direct the parties to address the issue in the context of whether a claim has been asserted upon which relief could be granted in order to clarify or resolve all remaining issues.