IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY HILL. An Infant by and Through )
his Legal Guardian and Next Friend, )
             )
    Plaintiff, )
             )
v.             )  Civil Action No. 3:06CV79
             )
FRANCIS LAURY, et al.,     )
             )
    Defendants. )

## MEMORANDUM OPINION

This matter is before the court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1)[1] on the Defendant Eddie Lundy's (Lundy) Motion to Dismiss Count IV of the Plaintiff's Amended Motion for Judgment (Complaint) for failure of the Plaintiff to assert a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[2] Count IV alleges that the Defendants, including Lundy, "deprived [the Plaintiff] of his civil rights under 20 U.S.C. § 1400

---

[1] Although counsel for the Plaintiff has not endorsed the form expressly consenting to this court's jurisdiction as has defense counsel, Plaintiff's counsel represented to the court in a telephone conference call that the Plaintiff did consent and would execute the form. Moreover, the Plaintiff has acquiesced to the court's continuing jurisdiction that has included the opportunity to object to the court's *sua sponte* notice of a potential conflict (see docket entry no. 5) and the granting of dispositive relief as to all other claims. A party's general appearance before a magistrate judge with knowledge of the right to be tried by a district judge is sufficient to invoke the consent necessary for the magistrate judge's "civil jurisdiction" under 28 U.S.C. § 636(c)(1). See Roell v. Withrow, 538 U.S. 580, 591 (2002). Thus, as the circumstances of this case so indicate, consent will be "inferred from [the Plaintiff's] conduct during litigation." Id. at 582.

[2] The court previously granted Defendant Lundy's motion for summary judgment as to Count I (negligent and intentional infliction of emotional distress) and Count II (gross negligence and willful misconduct), as well as Lundy's motion to dismiss as to Count III (fraud and misrepresentation). (See docket entry nos. 14, 15, 20, and 21.)

[et seq.]," and seeks compensatory and punitive damages for his claimed injuries. (Compl. ¶¶ 71-74.) The Plaintiff has failed to respond to the Defendant's motion. The court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid in the decisional process. For the reasons stated herein, Defendant Lundy's motion is GRANTED.

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. See Wolman v. Tose, 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*) (citations omitted).


**Analysis**

The court has previously discussed the basic allegations in the case, as pled in the Plaintiff's complaint, in its prior memorandum opinions in the matter.  See Hill v. Laury, No. 3:06cv079, 2006 U.S. Dist. LEXIS 65658, *5-8 (E.D. Va. Aug. 14, 2006) (Hill I); Hill v. Laury, No. 3:06cv079, 2006 U.S. Dist. LEXIS 65151, *4-10 (E.D. Va. Sept. 13, 2006) (Hill II).  For purposes of Count IV, the Plaintiff (a mentally retarded public school student), alleges that he was assaulted by his fellow students at a Richmond public high school on December 11, 2002.  Lundy was a teacher at the school who was not present during the assault, nor involved in supervising the Plaintiff at the time.  In Count IV, the Plaintiff alleges a civil rights claim under the Individuals with Disabilities Education Act (IDEA), and seeks compensatory and punitive damages for his claimed injuries.  (Compl. ¶¶ 71-74.)  Lundy contends that the Plaintiff cannot seek these damages under the IDEA.

The Fourth Circuit has consistently held that the IDEA does not authorize courts to grant monetary damages.  Emery v. Roanoke City Sch. Bd., 432 F.3d 294, 298 (4th Cir. 2005) (citing Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 527 (4th Cir. 1998) ("Tort-like damages are simply inconsistent with the IDEA's statutory scheme.")), cert. denied, 525 U.S. 871 (1998).[3]  Indeed, the touchstone of the IDEA is the actual provision of a free appropriate public education, not to provide a forum for tort-like claims of educational malpractice.  See Sellers, 141 F.3d at

---

[3] Another judge of this court (Judge Hudson) recently reached the same conclusion in a case involving the same Plaintiff and concerning similar facts, but which was prosecuted against different defendants.  See Hill v. James, No. 3:06cv470, 2006 U.S. Dist LEXIS 69453, *9 (E.D. Va. Sept. 27, 2006) (citing Sellers for the proposition that the IDEA does not permit awards for compensatory or punitive damages).

527.[4]

Additionally, it would appear that the Plaintiff failed to exhaust, or even initiate, his administrative remedies before filing this action, which IDEA requires. See 20 U.S.C. § 1415(f), (i). Among the safeguards provided for children with disabilities and their parents are the right to a due process hearing before an administrative officer, and the right to institute a civil action after receiving an adverse decision at the administrative level. IDEA requires that an aggrieved party exhaust a state's administrative procedures before bringing an IDEA claim in state or federal court, and any relief is usually restricted to non-monetary relief, *e.g.*, a revised Individual Education Plan (IEP).[5] See 20 U.S.C. § 1415(i)(2) (party aggrieved by the decision of a hearing officer may file a civil action in a state or federal district court); see also M.M. v. Sch. Dist. of Greenville County, 303 F.3d 523, 535-36 (4th Cir. 2002) ("It is clear that, under the IDEA, parents asserting a violation of the IDEA must first request a due process hearing."). Thus, this court also lacks subject matter jurisdiction to consider the Plaintiff's IDEA claim.[6]

Accordingly, under no set of facts can the Plaintiff state a claim for compensatory or punitive damages under the IDEA. Lundy's motion must, therefore, be GRANTED.

---

[4] Moreover, to the extent the Plaintiff would urge this court to construe his IDEA claim as a 42 U.S.C. § 1983 claim, the Fourth Circuit has held that "parties may not sue under section 1983 for an IDEA violation." Sellers, 141 F.3d at 529 ("Because IDEA provides a comprehensive remedial scheme for violations of its own requirements, we hold that parties may not sue under section 1983 for an IDEA violation."); accord Hill, 2006 U.S. Dist LEXIS at *9.

[5] Of course, parents are entitled to financial reimbursement for a private school placement resulting from a defective IEP. See Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15 (1993).

[6] Courts are free to raise the issue of subject matter jurisdiction *sua sponte* at any time. See United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998), cert. denied, 525 U.S. 933 (1998).

**Conclusion**

For the reasons stated, the Defendant Lundy's Motion to Dismiss as to Count IV is granted.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 10/11/06